Good morning, Your Honors. Jonathan Kirschbaum, Office of the Federal Defender for Mr. Ross. I'd like to reserve two minutes for rebuttal, and I'll keep an eye on my time. Mr. Ross should have been allowed to relate back to the State Court opinion attached to his petition. Under Rule 10c, a written instrument attached as an exhibit to a pleading is a part of the pleading for all purposes. Counsel, for purposes of the rules, the term written instrument is, of course, a term of art. How does that fit in exactly here? I am sympathetic to your argument, I really am. As a pro se defendant, but how do we deal with this concept of a written instrument? Does that really fit here? Well, the State Court opinion is a formal, legally binding order that analyzes all of Ross's constitutional claims. It is practically indistinguishable from the documents that this Court found to fall under Rule 10c in the Hartman case. The Hartman case was a prisoner's civil rights case, and this Court specifically said that the decisions on the administrative appeal were a part of the petition for all purposes. And under the habeas statutes and the habeas rules, I think it's clear that a State Court opinion is most certainly a written instrument for habeas purposes. Regardless of how brief it might be? Well, in this particular case, obviously, it wasn't a brief opinion. I think what that — Is it any State court opinion or this particular State court opinion? Well, we think that this particular State court opinion gives — Why this one? Well, this one gave clear notice of the constitutional claims that the State court adjudicated on the merits. I think it would be a different situation if there is more of a summary opinion, but that is why when we focus more specifically on relation-backed concepts, that the State court opinion here clearly applies. How do we know he wanted to raise those claims? He apparently attached the affidavit for a different purpose, just to substantiate the timing of when he had received the information. I mean, I can easily imagine the attachment of a lengthy — sometimes we have State opinions where 80 or 90 claims have been raised in our resolve. That's attached for a purpose, in this case, the date, and it's not what the prisoner intends to bring. Well, I think there's actually a significant amount of evidence of his intent here. Well, he says he didn't attach it for that purpose. I mean, he explains what the purpose is that he attached it. Well, that's true. But there is — the intent can be seen in the petition itself where he identifies claims, it was certainly just a list, but they match up nearly one-for-one with the claims that appear in that State court opinion. They don't match up 100 percent. So if we have another case where the opinion has 80 or — attached opinion with 80 or 90 claims, as we sometimes see, is the court supposed to go through and see if they can match up what's in the habeas petition with what may or may not be in the lengthy opinion? Well, I think there's two separate considerations here versus pleading intent and relation back. So in a typical situation, if a court has any — has any problems trying to decipher a poorly pled petition, under Rule 4, the court has lots of options. It can liberally construe a petition that isn't quite clear and say, okay, all of the claims in that State court opinion are the ones that the State needs to answer or the court can — So how does that obligation play out here, the obligation to liberally construe a pro se petition? Well, what the court can do is the court can, as I just said, liberally construe it and say that the State court opinion, I believe, is what the Petitioner is trying to plead here and the State has to answer all of them. Or the court can say, I want the Petitioner to amend the petition to give more certainty as the claims that he wants to proceed upon. And in that certain type of situation, I think that relation back clearly would apply because the State court opinion provides clear notice of the claims. The Petitioner timely put those claims on the docket. And under Rule 10c, we know that as long as it's a written instrument, then it's a part of the petition for all purposes. And relation back fits very comfortably as one of those. In light of Judge Ikuda's point about the intention of your client, which was that he didn't intend to do it for a reason you would like, how would you respond to the government's concern that were we to approve this particular approach, that a Petitioner could simply attach the entire trial record to a one-page petition and say, this is my claim. It's all in there. Check it out. Well, I think both the written instrument provision and relation back principles provide necessary limitations here. When a Petitioner attaches the whole trial transcript, there's no notice of what the claims are. He would say, it's in there. And that's kind of what he's saying in this case is that if you want to know what I'm talking about, all you need to do is go through what the Nevada Supreme Court said. It's in there. You've got to check it out, but it's all in there. It wouldn't also be true of a whole trial transcript. Well, it can be. But in a situation such as this with the state court opinion, it's absolutely clear what the actual claims are. So when it comes to relation back to state court opinion, I don't think there's a question that it satisfies both the statute of limitations requirements and the notice requirement of relation back. If a Petitioner attaches a portion of a transcript, well, then it's getting closer to the notice requirement. I looked at the habeas corpus rule, too, in the advisory committee notes. And it appears that the requirement that the Petitioner put in the summary of facts or put in the facts supporting the claim into the petition was developed for exactly this purpose, which is to prevent a Petitioner from attaching, I think they use the term prolix, prolix documents that the court then has to sort through. And so the form, so there was an amendment to the form requiring statement of facts. And that form is written for a pro se Petitioner. I mean, it's written in plain English and very simple instruction. So it would seem like saying, well, you can attach whatever you want, and then the court has to discern from that what the facts are is contrary to what the amendment to Rule 2 was intended to address. Aren't we going back in time to before this rule requiring the Petitioner to state the facts? I don't think that's true, Your Honor, because I think Rule 4 gives the court discretion in those situations. If there is a poorly pled petition, if a Petitioner has not completed a petition and just attached an order of affirmance, then the court can say, well, I'm going to grant you leave to amend to more fully comply with Rule 2. And that's what Rule 4 is all about. Rule 4 says that a court at that stage can review both the petition and any attached exhibits. And the advisory committee notes specifically identify State court opinions when they're attached as exhibits as those types of documents that a court should be looking at to determine whether a Petitioner is entitled to relief. So in those situations, I think the attached State court opinion does provide some evidence of intent, of what claims were adjudicated on the merits in State court. It's the ones that the Petitioner actually did previously pursue in State court. I see that my thoughts. Kennedy. I'll save your time. Thank you. Good morning. Good morning, Your Honors. May it please the Court. Lawrence Van Dyck on behalf of the State Respondents. I want to start by saying, I think read properly, Rule 10c does not actually conflict with Rule 2c. But I think read the way that Ross is asking this Court to read Rule 10c, I think it does. So I'd like to start by explaining what I think happens if you read Rule 10c that way, how it creates that conflict and the problem it creates. And then ---- But before you do that, I want to be sure I understand correctly the government's position on this. I took it that the government agreed that had Ross said, attached here to his, you know, the Nevada Supreme Court opinion, it represents my petition and contains all of the allegations I need, something like that, that you would have agreed it was adequate in this case. Is that right? Close. Close, Your Honor. I think if he had said, here's the parts of the decision that I am pointing to, to provide under both Rule 2c of the habeas rules and ---- In a six-page decision, what if he just said, see the whole decision? Well, the problem, if you actually go and look at the decision, if you actually look at the Nevada Supreme Court's decision, is that for about half of the claims there are the reason that the Nevada Supreme Court rejected the claim is because it says you've only provided a bare claim or you haven't provided any factual allegations. If the Court goes and looks at that, you'll see that at the beginning of the excerpts of record. That's important because the habeas rules still, with that reference, it still would provide the notice that this whole setup is intended to ensure is given. Precisely, Your Honor. I think, and that's why Ross would like to sort of decouple relation back from his obligation to provide this Court with supporting facts. And if you decouple them, if you just say, oh, all we're trying to do is provide notice of the claims, then maybe Ross could prevail and you create that conflict that I'm talking about. But it's important to note that the Supreme Court in the mail case rejected precisely that impulse to decouple them. The Supreme Court in the mail case read, if you look at the reasoning in the mail case, it's relying on what Judge Acuda pointed to in the advisory notes, precisely that concern about undercutting. It was a slightly different issue in the mail case. But in interpreting relation back in the mail case, it said we're going to look at the specific pleading requirement and we're worried that this will undercut the specific pleading requirement. So I think that the present petition, is it really your position that the failure to say, see the order of affirmance in that section that calls for facts, just the failure to say, see the order of affirmance, leads to a different result? No. And that's why I guess I'll complete what I was saying to Judge Smith, and that is I think close what he has said, but not exactly. And the reason is, I actually personally, I've thought about this, and I don't think that actually just attaching and saying, see, would be enough. And here's why. Because you still don't know, a Petitioner is not just required to provide facts. If a Petitioner was just required to provide facts, because there's usually some facts in a State court decision, right, then I think maybe the see would be enough. But that's not what the rules require. The rules require and the form requires, the habeas form, supporting facts. And if all you do is you say ---- And following up on what we seem to all be interested in on this, what exactly or substantially would Mr. Ross have had to do with respect to the Nevada Supreme Court opinion that would have satisfied the government in this case? And here, I think what he could have done is he could have said, see page three of that decision, here's the facts that I want to incorporate as my supporting facts. I'm obligated to require, to provide supporting facts, even though I'm a We have two rules sort of in, I think as Your Honor sort of pointed out. We have two rules that are arguably in conflict. The idea that you read pro se pleadings liberally, but also the fact that habeas has a clear specific pleading requirement. So they have to. And so how do you put those things in, how do you make them not conflict? Well, as was pointed out, this is a pro se person. We construe those liberally. I understand that an experienced lawyer like you or your opponent would understand that you need to say, see page two, line so-and-so for the specifics. But here you have a pro se person. And this pro se Don't we cut them some slack? And if so, how much? Yeah, we should cut them some slack, Your Honor. But we should still require them, as it says right here on ER 24 on the, it's not just in the rules, it's not just Habeas Rule 2, but it's right here in the petition he filed, summarize briefly the facts supporting each ground, provide the supporting facts based on these facts, over and over again. So, yes, we can read it. He did provide them in his State petition. He had a handwritten summary of the facts supporting the ground, right? Well, but they're not actually facts, Your Honor. I mean, what he did is, in the spot where it said to provide facts, he actually provided his claims. He said, secure a speedy trial. In his State petition, he had a multiple page document handwritten stating what his facts were supporting his grounds in that case. So we know he knew how to do that. And so, exactly. And so all we're asking, and it's not just, this is not just some, it's not a talismanic requirement. It's not a formalistic requirement. It's a very real practical requirement. And the Court, in order to do the analysis that Ross's counsel acknowledges that courts need to do under Rule 4, they need to be able to compare, they can look at the whole record, but they're looking at the record to compare it to what? To compare it to the Petitioner's claims. How do they know what the Petitioner's claims are? As Judge Yakuta noted, in the old, in the bad old days, the way you knew what the Petitioner's claim was, was that you acted as the lawyer, the judge acted as the lawyer for the claim, you sorted through all the stuff that they'd filed, and you tried to figure out what facts in there actually supported them and what grounds they were actually claiming, and you tried to see if they had any merit. The rule, as the Mill case makes clear, citing to the, to the advisory notes, that was all, we're not changing the fact of a, of a liberal pleading standard, but what we are doing is we're saying, you have to tell us what facts you think support. And if you look at Ross's petition, if you, he doesn't provide a single, any evidence whatsoever, because if you go, of what is it, what do you think is the supporting facts? Because if you go back and look at the Nevada Supreme Court decision, you will find that for about half of the claims, they actually reject it because of a lack of facts. And for the other half of the claims, the only facts they provide in, like, a sentence for each claim. I mean, if you go and look, it's not that long of a decision. The argument is that even if the State court decision under Rule 10c is a written instrument that, because it's attached to the pleading, is part of the pleading, it's still not enough under the Hager's rule. Is that your argument? To be clear, Your Honor, the State court petition's decision always has to be attached. The form that he provided says you always have to attach a State court decision. So it is your argument that that still isn't enough? That doesn't tell you, it doesn't, it's merely attaching that decision, a decision that you have to attach, does not tell the court anything about what facts the Petitioner actually thinks supports. And I think it would be, in a different case, you could imagine a court saying, well, you attached that decision, and so therefore, you know, yeah. What if the decision was a four-page decision that only dealt with one claim and set forth the facts, some facts on each of the four pages? I think that would be good enough just to refer to the decision? I don't think so. I think that's key, because you still cannot know. It's not just that he has to provide facts, Your Honor. He has to provide supporting facts. The rules are clear. And so if you were to read Rule 10c so broadly that it's incorporated for all purposes, I think it's an overbroad and unmerited reading of Rule 10c. But if you were to read it that broad, then you have a clear conflict between the specific pleading requirement that he provide, the supporting facts, and Rule 10c. And if there's a clear conflict, then we know the habeas rules win. That's black-letter law. Now, I don't think there should be a conflict, but if we read it that way, Your Honor, then we win. We win, because the habeas rules would be in conflict if you read it that broadly. And I just want to emphasize, it's unfair to the Petitioner, because if a court – could you imagine a court saying, you've attached this State court decision that you're required to attach by the rules. And so we're going to take – read the grounds and the adverse facts in that decision against you. Then you can imagine a Petitioner saying, that's unfair. I had to attach that decision, and now you're reading that – you know, the rules require me to do that, and now you're pretending like I've adopted those facts as my own facts. I wanted to emphasize some facts that the court didn't have in its decision. But, no, you've adopted those facts as your, quote, supporting facts. It's just not – it's actually an absurd reading of the rule. That's why I don't think that 10c should be read to say, he's trying to, you know – if you look at page 2 of his reply, he specifically says that it should be incorporated into his original position for all purposes, that the State court decision – he doesn't really mean that, Your Honors. If that was the case, then he just lost, because he adopted all of the legal – all of the legal conclusions of the Dabash-Rink Court. He doesn't really think that. So, if I'm understanding you correctly, you're saying if we were to adopt Mr. Ross's position, he might get the benefit of any positive facts, but he'd also be saddled with any negative facts that would be in there which might damage positions. Is that correct? And that – that is one, Your Honor. And the other – the other problem with that is that it will revert us, as Judge Acuda pointed out. It will – it will basically eviscerate the specific pleading requirement, because keep in mind, they always have to attach that State court decision. And so now the specific pleading requirement that Rule 2C brought in is gone, because every State – you know, every habeas petitioner that does it right will have attached that decision, and – and it also eviscerates the one-year statute of limitations. To – to quote Judge Tallman, who was quoted by the U.S. Supreme Court, his dissent was quoted by – in the mail case, it will permit the relation-backed doctrine to swallow up the statute of limitations, because everything that's in the State court decision will now be – everything will relate back, Your Honor, in office. Thank you, Your Honor. Thank you for your argument, counsel. So, theory or rebuttal? All right. Two points. Deficient pleadings can be fixed. That's what happened here. There was nothing deficient about the amended petition. The question is whether the claims in the amended petition relate back to the original pleading. And the order of affirmance that was attached to that pleading gives clear notice of the claims that were adjudicated in State court. So, what it boils down to is that there's no prejudice to the State. There's no – there's no problems for the district court in applying relation-back here. The State had prior notice of these claims. They litigated them in State court. All the – Counsel, let me ask you this. If we were to agree with you and it related back, would Mr. Ross need to amend the petition to better plead his case? Well, we already have here. There already was an amended petition filed. And that's what we're trying to do. So, the amended petition was filed after the Edmus Edge of Limitations had run. That's really what's at issue here, right? That is. So, if he's stuck with his original petition, then he hasn't – he hasn't complied with the requirements and you then – and would lose. Whereas you amended the petition, did it like a super-duper job, and now he's got actual claims. Well, but we were raising the claims that were raised in State court. I mean, we were just trying to present the claims that had already been adjudicated in State court. So, that's really – But he had not expressly raised them. We need to read his statement of his legal claims together with whatever facts we can find in the State opinion to say they were raised before the statute had run. Well, yes. I mean, that's what he – that clearly was his intent, is that he drafted this very quickly in order to get it in on time. I mean, that's what he said in his affidavit. And I think that that actually presents some intent here of what he was trying to do. I mean, yes, the form says to attach all the State court opinions, but that's not what happened here and it's generally not what happens in most cases. He only attached the State court opinion that matched up with, or at least generally matched up with the claims that he has in there. He didn't present the State court opinion from direct appeal. So, I think that's even further evidence of what Mr. Ross was attempting to do here. And when we – once again, relation back is simply about notice. And the State – the attached order of affirmance clearly put everybody on notice that these are the claims that are adjudicated on the merits. These are, yes, the claims that the Federal court is going to have to defer to. So, you know, incorporating the Nevada Supreme Court's decision does have the bad language. But it's generally – that is Ross's – his obligation is to overcome that State court opinion. He has to establish that the contents are unreasonable. So, it's clearly a part and parcel of this case. And it provides notice to everyone as to what those claims that need to be adjudicated in the Federal review are all about. Thank you. Any other questions about my colleague? Thank you very much. The case just argued is submitted. The Court will stand in recess for five minutes.
judges: M. Smith, Ikuta, Bates